Appeal from a judgment of the Lewis County Court (Daniel R. King, J.), rendered August 16, 2013. The judgment convicted defendant, upon a jury verdict, of rape in the first degree, rape in the third degree, criminal sexual act in the first degree, criminal sexual act in the third degree and endangering the welfare of a child.
It is hereby ordered that the judgment so appealed from is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, rape in the first degree (Penal Law § 130.35 [1]), arising from allegations that he had sexual intercourse with a 15-year-old girl on December 25, 2011. On appeal, defendant contends that County Court abused its discretion in denying his recusal motion. We reject that contention. It is well settled that, “[ujnless disqualification is required under Judiciary Law § 14, a judge’s decision on a recusal motion is one of discretion . . . ‘This discretionary decision is within the personal conscience of the court when the alleged appearance of impropriety arises from inappropriate awareness of nonjuridical data’. . . [Thus,] for any alleged bias and prejudice to be disqualifying it ‘must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his [or her] participation in the case’ ” (People v Glynn, 21 NY3d 614, 618 [2013]; see People v Alomar, 93 NY2d 239, 246 [1999]). “Even . . . when recusal is sought based upon ‘impropriety as distinguished from legal disqualification, the judge ... is the sole arbiter’ ” (People v Moreno, 70 NY2d 403, 406 [1987]). Defendant does not contend that recusal was mandatory, and we agree with the People that the court did not abuse its discretion in denying defendant’s motion.
We reject defendant’s further contention that the court erred in refusing to suppress a towel upon which both the victim’s DNA and defendant’s DNA, sperm, and seminal fluid were found. At the time of the offense, the victim’s grandmother had custody of the victim and her siblings, and they and defendant all lived in the same house. The towel was found in that house by the victim and her mother’s boyfriend, who went there to *1599 retrieve the victim’s belongings after this incident was reported to the authorities. “It is well settled that a search by a private person, even an unlawful search, does not implicate Fourth Amendment considerations” (People v Adler, 50 NY2d 730, 736-737 [1980], cert denied 449 US 1014 [1980]), unless the private conduct is “so pervaded by governmental involvement that it loses its character as such and invokes the full panoply of constitutional protections” (People v Ray, 65 NY2d 282, 286 [1985]). Here, defendant failed to demonstrate “a clear connection between the police and the private investigation . . . ; completion of the private act at the instigation of the police . . . ; close supervision of the private conduct by the police . . . ; [or] a private act undertaken on behalf of the police to further a police objective” (Ray, 65 NY2d at 286; see People v Ruppert, 42 AD3d 817, 817-818 [2007], lv denied 9 NY3d 964 [2007]).
Contrary to defendant’s further contention, viewing the evidence in light of the elements of the crimes relating to the December incident as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). It is well settled that “ ‘those who see and hear the witnesses can assess their credibility and reliability in a manner that is far superior to that of reviewing judges who must rely on the printed record’ ” (People v Woolson, 122 AD3d 1353, 1354 [2014], quoting People v Lane, 7 NY3d 888, 890 [2006]), and that “[t]he credibility of the victim and the weight to be accorded her testimony were matters for the jury” (People v Halwig, 288 AD2d 949, 949 [2001], lv denied 98 NY2d 710 [2002]; see People v Gray, 15 AD3d 889, 890 [2005], lv denied 4 NY3d 831 [2005]). Here, we conclude that the jury’s determination to credit the victim’s testimony with respect to this incident is supported by the weight of the evidence, including her testimony that defendant held her down and restrained her while forcing her to engage in sexual intercourse (see People v Littebrant, 55 AD3d 1151, 1154-1155 [2008], lv denied 12 NY3d 818 [2009]), and DNA evidence linking defendant to the crimes (see generally People v Mitchell, 43 AD3d 1337, 1338 [2007], lv denied 9 NY3d 1036 [2008]; People v Griffin, 41 AD3d 1285, 1287 [2007], lv denied 9 NY3d 923 [2007], reconsideration denied 9 NY3d 990 [2007]). Indeed, we note that the People’s DNA expert testified that, in “the semen-stained cutting from the bath towel, the sperm fraction is a mixture profile consistent with DNA from [defendant] mixed with DNA from” the victim.
Defendant further contends that the court erred in prohibit *1600 ing him from questioning the People’s expert regarding prior sexual conduct by the victim. We reject that contention. “Evidence of the victim’s prior sexual conduct did not fall within any of the exceptions set forth in CPL 60.42 (1) through (4), and defendant failed to make an offer of proof demonstrating that such evidence was relevant and admissible pursuant to CPL 60.42 (5)” (People v Brink, 30 AD3d 1014, 1015 [2006], lv denied 7 NY3d 810 [2006]; see People v Wright, 37 AD3d 1142, 1143 [2007], lv denied 8 NY3d 951 [2007]; see also People v Williams, 61 AD3d 1383, 1383 [2009], lv denied 13 NY3d 751 [2009]). Defendant failed to preserve for our review his contention that the court should have declared a mistrial after making a gesture that allegedly demeaned defense counsel, inasmuch as defense counsel initially made a motion for a mistrial regarding the alleged gesture but withdrew it “before the court rendered its decision” (People v Corbett, 258 AD2d 919, 919 [1999], lv denied 93 NY2d 898 [1999]). We decline to exercise our power to review defendant’s contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Finally, the sentence is not unduly harsh or severe.
All concur except Sconiers, J., who dissents and votes to reverse in accordance with the following memorandum.